Olive Waterman by Gdn. *vs.* Sarah E. Hero, Ex.

Olive Waterman *vs.* Sarah E. Hero, Ex.

JUNE 26, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Murdock, J. These actions—one in assumpsit and the other a probate appeal—have as their common purpose the collection of an alleged claim against the estate of Abraham A. Waterman, of which the defendant in one case and the appellee in the other is the executrix and, for that reason, they were heard together in this court.

In the first case (Ex. 7489) the action is in assumpsit to recover an amount claimed to be due the plaintiff as the wife of said Abraham A. Waterman for her support and maintenance. A demurrer to the declaration was sustained and plaintiff moved to amend by adding an additional count. Leave to amend was given and the case was assigned for trial. When the case was called for trial, plaintiff submitted to a voluntary nonsuit and brings her exceptions to this court but presents only the exception to the action of the Superior Court in sustaining the demurrer to the original declaration. The exception is not properly before us.

In *Neri* v. *Rhode Island Co.*, 42 R. I. 229, we approved the rule stated in 31 Cyc. 465 as follows: "An amended pleading, filed as a substitute for the original pleading, supersedes it and the original pleading ceases to be part of the record, except for the purpose of deciding when the action was in fact commenced, and whether a new cause of action has been introduced. Therefore, after an amended pleading has been filed the prayer for relief in the original cannot be considered, and a demurrer to the original pleading does not apply, nor can objection to the action of the court in sustaining or overruling the demurrer be raised on appeal. As long as the amended pleading is recognized by the court, no issue based on the original can be properly submitted to the jury, or considered on appeal."

The plaintiff attempts to distinguish the instant case from *Neri* v. *Rhode Island Co.*, supra, on the ground that she did not amend her original declaration but filed an additional count thereto. She in effect substituted the additional count for the original count and therefore her so-called second count was the only declaration in the case that could be considered by the Superior Court. It was on this declaration that the case was assigned for trial and it was on this declaration that she was nonsuited. Her bill of exceptions was prosecuted from the decision adjudging her nonsuit which is the only exception that we can consider at this time.

If the plaintiff intended to rely on her original declaration, she could have brought to this court her exception to the action of the Superior Court in sustaining a demurrer thereto and, if successful in maintaining her exceptions, she could have applied to the Superior Court for leave to amend her declaration. But she can not amend and have considered an exception applicable only to the original declaration. *Hebert* v. *Handy*, 28 R. I. 317; *Chew* v. *Superior Court*, 43 R. I. 194; *Dobson* v. *Providence Tribune Co.*, 46 R. I. 262; *Bennett* v. *Connery & Co.*, 48 R. I. 350.

The second case (Ex. 7490) is an appeal from an order of the probate court of the town of Johnston denying leave to

the appellant, Olive Waterman, to file a claim against the estate of Abraham A. Waterman under the provisions of Section 3, Chap. 365, G. L. 1923.

The trial justice in the Superior Court directed the jury to return a verdict sustaining the action of the probate court in denying appellant's petition. The motion for a directed verdict was granted on the ground that the appellant had not shown that the failure to file her claim, within the time limited by statute, was due to accident, mistake or unforeseen cause as the statute provides.

An examination of the record fails to disclose sufficient evidence to support the petition, and we are of the opinion that it was not error to direct a verdict for the appellees.

In the first case the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the nonsuit.

In the second case the appellant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings following the verdict as directed.

*Harlow & Boudreau*, for Olive Waterman, By Gdn. & Olive Waterman.

*Charles H. Eden*, for Sarah E. Hero, Ex.